1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LUIS M. MOLINA,                          No.  2:15-cv-1275 GGH P

12                    Petitioner,

13         v.                                   ORDER[1]

14    PONCE,

15                    Respondent.

16

17         Petitioner, a federal prisoner proceeding pro se, has filed an application for a writ of

18    habeas corpus pursuant to 28 U.S.C. § 2251.  Petitioner argues that respondent violated his

19    constitutional rights to due process and equal protection when she denied his request for a year

20    off his sentence once he completed the Bureau of Prison's (BOP) Residential Drug Abuse

21    Program (RDAP).  ECF No. 1 at 3, 6.  The court finds it plain that petitioner is not entitled to

22    relief, and accordingly will dismiss the petition pursuant to Rule 4 of the Rules Governing Habeas

23    Corpus Cases under Section 2254.

24    I.    Screening

25         A district court may summarily dismiss a § 2241 petition where "it appears from the

26    application that the applicant or person detained is not entitled" to relief.  See 28 U.S.C. § 2243.

27    _____

28    [1]  This case is before the undersigned pursuant to 28 U.S.C. 636 (c)—consent to proceed before a
      magistrate judge.

1   Habeas petitions under § 2241 are subject to the screening requirements that apply to § 2254

2   petitions.  Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. §

3   2254 ("Habeas Rules"); Habeas Rule 1(b) (stating that "[t]he district court may apply any or all of

4   these rules to a habeas corpus petition not covered by" § 2254).  Habeas Rule 4 provides that the

5   Court must "promptly examine" the petition and "[i]f it plainly appears the petitioner is not

6   entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to

7   notify the petitioner." Id. Habeas Rule 4.

8   II.      The Petition

9          Petitioner states that he was sentenced to Federal Prison in December 2013 for "Bringing

10   Aliens into the United States."  ECF No. 1 at 6.  Petitioner was admitted into RDAP on the

11   sentencing court's recommendation on February 3, 2014. Id.  However, in March 2015 petitioner

12   was notified that the "'grand prairie' attorney's [sic]" had denied his request for a year off of his

13   sentence after his completion of RDAP. Id.  Petitioner's request was denied because of a 2011

14   conviction for attempted robbery. Id. See 28 CFR 550.55 providing that robbery or a crime

15   which has an element of attempted use of force is ineligible for early release.  Petitioner claims

16   that attempted robbery is a "'lesser included offense of defrauding a store clerk without a[n]

17   element of violence." ECF No. 1 at 6.  If petitioner was granted a year off of his sentence, he

18   would be released on June 16, 2016. Id.

19          Petitioner relies upon Abbott v. Fed. Bureau of Prisons, 771 F.3d 512 (9th Cir. 2014) to

20   support his argument that the BOP's decision to deny his request for a year off his sentence

21   violated his constitutional rights. ECF No. 1 at 6–7.  According to petitioner, Abbott held that

22   lesser included offenses of violent offenses under 28 C.F.R. § 550.55 cannot themselves be

23   considered violent offenses. Id.  Based on that understanding, petitioner argues that § 550.55was

24   not "promulgated correctly" because it does not categorize "defrauding a store clerk" as a violent

25   offense. Id.  If defrauding a store clerk is not a violent offense, then petitioner argues the lesser

26   included offense of attempted robbery is not a violent offense either. Id.

27   / / /

28   / / /

2

1    III.    Analysis

2            A.    Constitutional Claims

3            The petition is based on a number of misunderstandings, both of statutory construction

4    and case law, which require its dismissal.  First and foremost, the petition fails to state a plausible

5    claim for relief based on the violation of his rights to due process and equal protection.  As to the

6    equal protection violation, petitioner does not present any facts demonstrating that he was treated

7    differently from others who were similarly situated to him.  See McLean v. Crabtree, 173 F.3d

8    1176, 1185 (9th Cir. 1999) (finding that an equal protection violation requires the petitioner to

9    show that similarly situated people are being treated differently).  Petitioner also cannot prevail

10   on his due process claim because inmates do not have a protected liberty interest in either RDAP

11   participation or in the associated discretionary early release benefit.  Peck v. Thomas, 697 F.3d

12   767, 774 (9th Cir. 2012); McLean v. Crabtree, 173 F.3d 1176, 1184-85 (9th Cir. 1999).

13           B.    The Administrative Procedure Act, 5 U.S.C. §§ 701–06

14           Second, even if the court were to construe the petition as asserting a violation of the

15   Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–06, the claim would be meritless.

16   Although the petition never actually refers to the APA or its standards, it does exclusively cite

17   cases involving alleged violations of the APA.  What's more, petitioner seems to be attempting to

18   track the Ninth Circuit's reasoning in Abbott, the case he places the most emphasis on.  Abbott,

19   however, does not support petitioner's claims.

20           In Abbott, the Ninth Circuit reversed a district court's order dismissing a habeas corpus

21   petition for lack of jurisdiction, and remanded for further consideration.  771 F.3d at 514.  The

22   court held that the district court erred when it held it lacked jurisdiction to review the petition

23   because 18 U.S.C. § 3625, which precludes judicial review under the APA of individualized

24   RDAP determinations, did not apply.  Id.  This is because the petition did not challenge the

25   BOP's individualized RDAP determination, it was "a categorical challenge to the BOP's

26   interpretation of its own regulation."  Id.  (citing Close v. Thomas, 653 F.3d 970, 974 (9th Cir.

27   2011) ("These petitions allege that the 'BOP action is contrary to . . . its statutory authority.'

28   Therefore, the petitions are within [our] jurisdiction.")).  Arguably, the petition constitutes such a

3

challenge because it claims the BOP misconstrued its own regulation as categorizing attempted robbery as a violent crime.

The problem is that Abbott's subsequent analysis, which held the BOP's interpretation of its own regulations to be invalid, is distinguishable from petitioner's claim.  The BOP denied Abbott's request for a year off of his sentence because it determined he had been convicted of a crime that was equivalent to one listed in 28 C.F.R. § 550.55.  Abbott, 771 F.3d at 514.  Section 550.55 excludes certain people from early release under RDAP, including those who have a prior felony or misdemeanor conviction for kidnaping.  § 550.55(b)(4).  The BOP had determined that Abbott's prior conviction for unlawful restraint was equivalent to kidnapping and therefore he was ineligible for early release.  Abbott, 771 F.3d at 514.  The Ninth Circuit, however, held that interpretation to be arbitrary and capricious.  Id.  In so holding the Ninth Circuit relied, in part, on the fact that unlawful restraint is actually a lesser included offense of kidnapping which under Montana law did not include an element of violence, i.e., endangering the public.  Id.

A close look at petitioner's claims reveals that while they bear a passing resemblance to Abbott's, they are meritless.  First, petitioner claims that attempted robbery is a lesser included offense of "defrauding a store clerk," ECF No. 1 at 6, but this cannot be the case.

> Under California law, a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser.

People v. Birks, 19 Cal. 4th 108, 117–18 (1998).  "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."  People v. Dominguez, 45 Cal. Rptr. 2d 153, 157 (1995), as modified (Oct. 18, 1995) (citing Cal. Penal Code § 211).  It follows that attempted robbery would also possess that same element of force or fear.

It is not clear what crime petitioner means "defrauding a store clerk" to refer to.  Typically, fraud is a civil claim.  See OCM Principal Opportunities Fund v. CIBC World Markets Corp., 68 Cal. Rptr. 3d 828, 840 (2007), as modified (Dec. 26, 2007) ("Generally, [t]he elements

1   of fraud, which give[ ] rise to the tort action for deceit, are (a) misrepresentation (false

2   representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent

3   to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." (internal

4   quotation marks omitted)).  Even if petitioner did intend to refer to some criminal version of fraud

5   however, that crime would almost certainly not include the requirement that personal property be

6   taken "by means of force or fear."  See People v. Gregory, 674, 266 Cal. Rptr. 527, 532 (Ct. App.

7   1990) (discussing the crime of submitting false evidence to Medi-Cal with the intent to defraud

8   (citing Cal. Welf. & Inst. Code § 14107)).  Accordingly, attempted robbery cannot be a lesser

9   included offense of "defrauding a store clerk."

10          In addition, the plain language of § 550.55 shows that attempted robbery is considered a

11   violent offense that makes prisoners ineligible for early release.  See § 550.55(b)(6) (denying early

12   release to "[i]nmates who have been convicted of an attempt, conspiracy, or other offense which

13   involved an underlying offense listed in paragraph (b)(4) and/or (b)(5) of this section"), (b)(4)

14   (denying early release to "[i]nmates who have a prior felony or misdemeanor conviction for . . .

15   [r]obbery).

16          C.      Leave to Amend

17          A petition for writ of habeas corpus should not be dismissed without leave to amend

18   unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v.

19   Nelson, 440 F.2d 13, 14 (9th Cir. 1971).  Although the ability state a valid claim in habeas is very

20   doubtful, the court will grant petitioner leave to amend in an abundance of caution.  Should

21   petitioner file an amended petition he must also either pay the $5.00 filing fee for filing a habeas

22   application or file an application to proceed in forma pauperis.

23   IV.    Conclusion

24          In accordance with the foregoing, IT IS HEREBY ORDERED that

25          1.  Petitioner's application for a writ of habeas corpus, ECF No. 1, is dismissed with thirty

26               (30) days to file a first amended petition;

27          2.  If petitioner elects to file an amended petition he must submit, within thirty (30) days

28               from the date of this order, an affidavit in support of his request to proceed in forma

1    pauperis on the form provided by the Clerk of Court, or the appropriate filing fee;

2       3.   Petitioner's failure to comply with any part of this order will result in the dismissal of

3    this action; and

4       4.   The Clerk of the Court is directed to send plaintiff a new Application to Proceed In

5    Forma Pauperis By a Prisoner.

6    Dated: September 10, 2015

7    <u>/s/ Gregory G. Hollows</u>

8    UNITED STATES MAGISTRATE JUDGE

13   /GGH17; moli1275.dism

6